IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEE BURRELL, | No. C 06-7803 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| THOMAS W. MCDONNELL, MIKE MAACKS, and the STATE BAR OF CALIFORNIA, | (Docket No. 3) |
| Defendants. | |

Plaintiff, an inmate incarcerated at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against a criminal defense attorney who he retained to file a petition for a writ of habeas corpus and against whom he filed a complaint with the state bar. He has also filed a motion to proceed *in forma pauperis*, which is now GRANTED in a separate order filed simultaneously (docket no. 3).

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claim

In this case, Plaintiff has sued a criminal defense attorney, a private individual. A private individual generally does not act under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

Attorneys in private practice are not state actors. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are private actors). Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law. *See Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981); *Briley v. California*, 564 F.2d 849, 855-56 (9th Cir. 1977). And claims for legal malpractice do not come within the jurisdiction of the federal courts. *See Franklin*, 662 F.2d at 1345. Therefore, Plaintiff's claims against Defendant McDonnell are DISMISSED.

Plaintiff has also filed a claim against the State Bar and investigator Maacks who apparently conducted the investigation for the Office of the Chief Trial Counsel for Enforcement and informed Plaintiff that the investigation was being closed. *See,* Plaintiff's Complaint, Exhibit C. Plaintiff's complaint does not allege any specific actions on the part of Defendant Maacks or the State Bar, other than the closure of his complaint against attorney McDonnell.

Absolute immunity extends to federal and state agency officials when they preside over hearings, initiate agency adjudication, or otherwise perform functions analogous to judges and prosecutors. *See Butz v. Economou*, 438 U.S. 478, 514-15 (1978) (extending absolute immunity to Department of Agriculture officials); *Buckles v. King County*, 191 F.3d 1127, 1136 (9th Cir. 1999) (extending absolute immunity to Washington Growth Management Board, a real estate zoning board); *Romano v. Bible*, 169 F.3d 1182, 1186-88 (9th Cir. 1999) (extending absolute immunity to Nevada Gaming Control Board officials). Absolute immunity is extended to agency officials who perform prosecutorial and judicial functions because administrative proceedings are usually adversarial in nature and provide many of the same features and safeguards that are provided in court. *See Butz*, 438 U.S. at 513.

To the extent that Maacks and the State Bar were acting in a prosecutorial role, a prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). Prosecutors therefore are absolutely immune from liability for their conduct as "advocates" during the initiation of a criminal case and its presentation at trial. *See id.*; *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutor absolutely immune from liability for the knowing use of false testimony at trial); *KRL v. Moore*, 384 F.3d 1105, 1112 (9th Cir. 2004) (prosecutors entitled to absolute immunity for review of second search warrant only to the extent that warrant sought evidence to prosecute crimes charged in the indictment); *Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutors absolutely immune for gathering additional evidence after probable cause is established or criminal proceedings have begun when they are performing a quasi-judicial function). Prosecutors also are entitled to absolute immunity for the decision not to prosecute. *See Botello v. Gammick*, 413 F.3d 971, 977 (9th Cir. 2005); *Roe v. City and County of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997). As such,

Plaintiff's complaint fails to state a claim under § 1983 against any of the named Defendants and must be DISMISSED without prejudice to Plaintiff bringing claims in a proper forum.

### CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: January 4, 2007

                                            JEFFREY S. WHITE  
                                          United States District Judge